UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CCI TEHACHAPI, et al.,<br><br>　　　　Defendants. | 1:13-cv-00053-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 11.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.　　BACKGROUND**

　　Joseph L. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 14, 2013.  (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 18, 2013, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 10.)  On October 28, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 11.)

**II.　　SCREENING REQUIREMENT**

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Ironwood State Prison in Blythe, California, and California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated at those two facilities. Plaintiff names as defendants Dr. El Said and Dr. Vache Chakmakian ("Defendants"). Defendants were ///

employed by the CDCR at the time of the events at issue.  Plaintiff's factual allegations follow, in their entirety:

> "While at Ironwood State Prison Dr. Vache Chakmakian was said doctor to said inmate (Joseph Williams) and he knew of said medical on my lower back as you can see from Medical Records. Trigger shot was order[ed] and was not received by any doctor and still I am in pain every day.  As for Dr. El Said at California Correctional Institute also knew of said condition, as you can clearly see by Medical Records of 10-24-08 while I was at CCI.  I had back problems (Pain).  Then [*illegible*] 2012 while I was at California Correctional Institute I complained of back pain.  At this point Dr. El Said had x-rays done, then said nothing was wrong with me.  But as you can see by Medical Records and Writ Habeas Corpus I do have a bad back [*illegible*] which left untreated gets worse and the pain continues."

(First Amended Complaint at 3 ¶IV.)  Plaintiff attaches copies of his medical records and an order by the Kern County Superior Court denying his petition for writ of habeas corpus.  (Doc. 1, Exhs. A & B.)  Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Discussion**

The court has thoroughly reviewed Plaintiff's First Amended Complaint and its attached exhibits. Plaintiff has demonstrated that he has a serious medical need because he suffers constantly from back pain. However, Plaintiff fails to show that either of the Defendants acted against him with deliberate indifference. Plaintiff fails to allege facts showing that either of the Defendants acted against him while knowing of, and deliberately disregarding, a substantial risk of serious harm to Plaintiff. Plaintiff alleges, at most, a difference of opinion between the doctors and himself about his medical treatment, which does not give rise to a § 1983 claim. Therefore, Plaintiff fails to state an Eighth Amendment medical claim.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **May 16, 2014**                  **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE